IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3024-BO

| | |
|---|---|
| JERRY QUINCY JONES, ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NURSE LOCKLEAR, et al., ) | |
|        Defendants. ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Since the filing of the original complaint, plaintiff has filed additional documents. He has filed letters (D.E. # 4, 10, and 12), motions for appointment of counsel (D.E. # 7, 15, and 19), motions to amend (D.E. # 14, 18, and 20), a motion to transfer (D.E. # 8), notices of changes in address (D.E. # 16 and 17) and documents with additional information (D.E. # 9, 11, 13). Plaintiff names multiple defendants within the complaint, amendments, and other documents. The original complaint is over 129 pages in length with attachments and seeks millions of dollars in damages. In later filing, he seeks hundreds of millions of dollars in damages.

Courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute on other grounds). A complaint shall also be dismissed where a party seeks "monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

The papers attached to the filings intended to be the complaint or amended complaint are a part of the complaint and amended complaint. Fed. R. Civ. P. 10 (c). Plaintiff's supplemental

filings are voluminous and difficult to follow. The court is unsure what specific claims he is attempting to make, exactly whom plaintiff is claiming violated his rights, as well as the specific relief he seeks. At this point the court is even unclear as to who he seeks to name as defendants.

As a result, the amended and supplemental complaints violate Rule 8 of the Federal Rules of Civil Procedure. This rule requires:

> (a) A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . .

Fed. R. Civ. P. 8.

The court must liberally construe the filings of *pro se* litigants. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However, there are limits to which the court may go in dealing with such filings. See Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998) ("[N]otice pleading requires generosity in interpreting a plaintiff's complaint. But generosity is not fantasy."); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits."). Plaintiff has breached those barriers. It is clear that "[w]hat constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 446-47 (4th Cir. 2005) quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1217, at 240-41 (3d ed. 2004). However, the case is so confused the court cannot put the matter into a manageable form to make the requisite determination. In an abundance of caution, plaintiff shall be given leave to amend his original complaint.

The court SHALL ALLOW plaintiff until Monday, November 22, 2010, to amend his original complaint. Any amended complaint should state precisely whom plaintiff seeks to name as defendants and avoid unnecessary details. Plaintiff should briefly mention the specific events and correlating dates which are the basis for suit and the constitutional rights violated. Plaintiff is notified that the court must focus on how the events proffered by plaintiff affected him, specifically the injury he sustained, and by whom it was inflicted. Any amended complaint MUST be shorter and clearer than the filings already made. Plaintiff is further notified that if he does not file an amended complaint which complies with Rule 8 by November 22nd, the court will dismiss the case. Plaintiff is likewise warned that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice, as well as, rising to sanctionable behavior if the court's warning goes unheeded. The court notes that the motions to inform the court of his address were proper.

Furthermore, the motions for appointment of counsel are denied (D.E. # 7, 15, and 19). There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The case does not appear to present exceptional circumstances and the motions are denied at this time (D.E. # 7, 15, and 19).

Accordingly, all of plaintiff's pending motions are DENIED (D.E. # 7, 8, 14, 15, 18, 19, and 20), including the motions for appointment of counsel and motion for transfer. Plaintiff is

3

ALLOWED until November 22, 2010, to amend his complaint to comply with Rule 8 and return to the court with a manageable and understandable complaint, as instructed above.

SO ORDERED, this the  3  day of November 2010.

                                      TERRENCE W. BOYLE
                                      United States District Judge